UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA WIETFELT,<br><br>                      Plaintiff,<br><br>v.<br><br>COMDATA *et al.*,<br><br>                      Defendants. | Case No.:  21-CV-1684-CAB(WVG)<br><br>**ORDER DENYING JOINT MOTION SEEKING TO EXTEND DEADLINE FOR FACT DISCOVERY ONLY** |

On April 6, 2022, the Parties filed a Joint Motion Seeking to Extend Deadline for Fact Discovery Only ("Joint Motion"). (Doc. No. 18.) The Joint Motion requested the Court extend the fact discovery deadline 60 days. For the reasons set forth below, the Joint Motion is **DENIED.**

As provided in the Court's Scheduling Order, the dates and times set forth in the Scheduling Order will not be modified except for good cause shown. In determining whether to modify a scheduling order the Court considers the "good cause" standard set out by Rule 16(b)(4) of the Federal Rules of Civil Procedure ("Rule 16(b)(4)"). Rule 16(b)(4) provides a schedule may be modified only for good cause and with the judge's consent. Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it

cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, Civil Local Rule 16.1(b) requires all counsel "take all steps necessary to bring an action to readiness for trial." Civ. L.R. 16.1(b).

The Court finds the Parties have not made a diligent effort to conduct discovery within the Scheduling Order's deadlines. At the December 21, 2022, Case Management Conference the Parties discussed with the Court all dates and deadlines to be included in the Scheduling Order. The Parties agreed without objection to the Scheduling Order, including the fact discovery deadline of May 20, 2022. The Scheduling Order was issued on the same day. (Doc. No. 15.) Yet discovery did not begin until February 24, 2022, two months after the Scheduling Order issued. When discovery did start, it was incomplete as Plaintiff only propounded discovery to Defendant Comdata. Plaintiff did not propound discovery to Defendant FleetCor until March 16, 2022 – almost three months after the Scheduling Order was issued. The Joint Motion does not state when Defendants propounded discovery to Plaintiff but the response deadline of May 6, 2022 seemingly suggests the discovery was not propounded until April 6, 2022. The Joint Motion fails to address why the Parties delayed the start of any discovery for two months when the fact discovery period is only five months long. There were also no reasons provided to explain why depositions have not been noticed. The Parties have not demonstrated due diligence in conducting the discovery that has been exchanged to date, nor have they demonstrated with due diligence why they cannot complete discovery in the time remaining.

The Court finds no good cause exists as the Parties delayed the start of discovery for two months and are now seeking a 60-day extension to recoup that time. The Court

reaffirms the deadlines and due dates in its Scheduling Order and the Joint Motion is **DENIED.**

      **IT IS SO ORDERED.**

DATED: April 7, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge